UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SINCLAIR & RUSH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| EAGLE GRIP HANDLES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# COMPLAINT

Plaintiff, Sinclair & Rush, Inc. ("Sinclair"), for its Complaint against Defendant Eagle Grip Handles, Inc. ("Defendant"), states as follows:

## Parties

1. Sinclair is a corporation organized and existing under the laws of the State of Missouri with its principal place of business located in Jefferson County, Missouri.

2. Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Grass Valley, California.

## Jurisdiction and Venue

3. This Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1332, in that there is complete diversity among the parties, the amount in controversy exceeds $75,000.00 and Sinclair brings this action for trademark infringement and unfair competition in violation of the Federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.* This

Court has subject matter jurisdiction over Sinclair's common law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant, in that Defendant is engaged in the business of selling infringing merchandise, specifically ergonomic handles ("grips") throughout the United States, including in this judicial district, via retail sales at Home Depot home improvement stores. A copy of a receipt showing recent purchase of the infringing product in this judicial district accompanies this Complaint as Exhibit A. Defendant also offers its infringing products in Missouri through the websites located on the Internet at www.eaglegriphandles.com and www.thegripworks.net.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391.

**Facts Applicable to All Counts**

6. Sinclair owns common law trademark rights throughout the United States in the trademark GRIPWORKS based on its use of that mark since at least as early as 1989 in connection with the manufacture and sales of hand grips.

7. Sinclair owns United States Patent and Trademark Office Registration No. 1,829,201 for the mark GRIPWORKS® for grips for lawn and garden machinery, hand tools and non-mechanical lawn and garden tools, healthcare equipment, bicycles and fitness apparatus, based on a date of first use in commerce of 1989. Sinclair or its predecessors in interest have continuously used the GRIPWORKS® trademark in commerce since 1989. Sinclair sells GRIPWORKS® branded products to customers through out the United States.

8. All filings necessary to make USPTO Trademark Reg. No. 1,829,201 incontestable pursuant to Sections 15 and 33(b) of the Lanham Act, 15 U.S.C. §§ 1065, 1115(b) have been made.

9. Sinclair, or its predecessors in interest have expended substantial effort and funds over the years to promote GRIPWORKS® grips. By reason of extensive promotion and sales of GRIPWORKS® products bearing the GRIPWORKS® trademark by Sinclair, or its predecessors in interest and by reason of the high quality standards relating to GRIPWORKS® products, the GRIPWORKS® trademark has become well and favorably known in the trade and to consumers, including consumers in Missouri.

10. Defendant is manufacturing, offering for sale and/or selling grips using the mark "The Gripworks" (photographs of Defendant's products accompany this Complaint as Exhibit B). Defendant's grips are not manufactured by or sold by Sinclair, nor is Defendant connected or affiliated with, or authorized by Sinclair in any way. Defendant's grips are likely to cause confusion and to deceive consumers and the public regarding their source.

11. Defendant is selling and promoting its infringing grips (the "Infringing Product") through retail sales at Home Depot home improvement stores and directly via the Internet at the websites having domain names: "eaglegriphandles.com" and "thegripworks.net." A true and correct copy of a printout from the homepage from these websites on which Defendant offers the Infringing Product are attached hereto as Exhibit C.

12. Defendant is also selling and promoting the Infringing Product via the Internet at the webpage located at http://stores.ebay.com/Eaglegrip-Handles-Inc. A true

and correct copy of a printout of this webpage on which Defendant offers the Infringing Product is attached hereto as Exhibit D.

13. Defendant's infringement of Sinclair's GRIPWORKS® trademark in advertising and on the Infringing Product unless enjoined by this Court, will cause a likelihood of confusion and deception of purchasers, as well as members of the public who see Sinclair's GRIPWORKS® trademark on the Infringing Product. As a result, Sinclair will suffer irreparable injury to and dissipation of its reputation and goodwill for which Sinclair has no adequate remedy at law.

14. Upon information and belief, Defendant's sale and offer for sale of the Infringing Product is likely to cause actual confusion between the Defendant and its Infringing Product on one hand and Sinclair and its GRIPWORKS® grips on the other hand.

## COUNT I
**Federal Trademark Infringement**
**(15 U.S.C. § 1114)**

15. Sinclair incorporates by reference the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16. By engaging in the acts described above, Defendant has introduced and marketed the Infringing Product in interstate commerce using designations and representations that are confusingly similar to Sinclair's incontestable GRIPWORKS® trademark.

17. Defendant's actions are likely to cause confusion, to cause mistake and to deceive purchasers, prospective purchasers and the public.

18. Defendant's actions demonstrate an intentional, willful and malicious intent to trade upon the goodwill associated with Sinclair's incontestable GRIPWORKS® trademark.

19. Defendant's actions constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Sinclair is being and will continue to be damaged by Defendant's infringement, which causes a likelihood of confusion and actual confusion among the purchasing public as to the true identity, source, sponsorship or affiliation of Defendant's Infringing Product.

21. Because of Defendant's infringement, Sinclair will suffer damage to its business reputation and goodwill, and the loss of sales and profits it would have made but for the improper acts of Defendant.

22. Sinclair is entitled to temporary, preliminary and permanent injunctive relief, an accounting of Defendant's ill-gotten profits, Sinclair's damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1114, 1116 and 1117, enhancement of Sinclair's profits award and trebling of its damages as authorized by 15 U.S.C. § 1117.

## COUNT II
**False Designation of Origin and False Description**
**(15 U.S.C. § 1125 (a))**

23. Sinclair incorporates by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24. Sinclair's GRIPWORKS® mark is inherently distinctive, has been used continuously throughout the United States and is well known to the trade and members of

the purchasing public. The purchasing public associates and identifies Sinclair's GRIPWORKS® mark with Sinclair.

25. Defendant's adoption and use of "The Gripworks" on its Infringing Product, without Sinclair's consent, and offer to sell Defendant's Infringing Product bearing a mark confusingly similar to Sinclair's GRIPWORKS® mark, constitutes false designation of origin or sponsorship or that said merchandise and/or Defendant has been sponsored, approved, or licensed by Sinclair, or is in some way affiliated or connected with Sinclair.

26. Such conduct of Defendant is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of Defendant's Infringing Product, or cause such persons to mistakenly believe that such merchandise and/or Defendant has been sponsored, approved, authorized or licensed by Sinclair, or is in some way affiliated or connected with Sinclair.

27. Defendant's conduct has been willful, and done with full knowledge of the falsity of such designations of origin and false description or representations, and with the express intent to cause confusion and mislead and deceive the purchasing public. Defendant intended to trade upon the reputation of Sinclair and the goodwill associated with Sinclair's GRIPWORKS® mark.

28. Defendant's unauthorized use of Defendant's Infringing Product is actually or potentially irreparably damaging to Sinclair in the form of (a) loss in income; (b) lessening and dilution of the Sinclair GRIPWORKS® mark; (c) interference with Sinclair's rights; (d) confusion in the marketplace as to the duly authorized source of merchandise bearing the GRIPWORKS® mark; and (e) impairment of the goodwill

Sinclair has in its GRIPWORKS® mark. If not enjoined, Defendant's acts will continue to cause irreparable damage to the rights of Sinclair in and to Sinclair's GRIPWORKS® mark and to the respective business, reputation, and goodwill of Sinclair.

29. If not enjoined, Defendant's actions will continue to cause irreparable damage to the rights of Sinclair in and to its GRIPWORKS® mark, and to the business, reputation, and goodwill of Sinclair.

30. Sinclair has no adequate remedy at law for certain of its injuries. Sinclair's damages are not yet fully determined.

31. Sinclair is entitled to temporary, preliminary and permanent injunctive relief, an accounting of Defendant's ill-gotten profits, Sinclair's damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125, 1116 and 1117, enhancement of Sinclair's profits award and trebling of its damages as authorized by 15 U.S.C. § 1117.

**COUNT III**
**Violation of 15 U.S.C. 1125(d) of the Lanham Act**

32. Sinclair incorporates by reference the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. Sinclair has used the name GRIPWORKS® since 1989 in connection with its sale of grips and merchandise throughout the United States. The GRIPWORKS® trademark is known by the public as identifying Sinclair's grips.

34. Defendant has registered, trafficked in and used a domain name that is identical or confusingly similar to the GRIPWORKS® trademark.

35. Defendant registered and used this domain name with the intent to divert consumers, for commercial gain, from Sinclair's website to its websites, which advertise and sell other grips.

36. Defendant's use of the GRIPWORKS® trademark in its domain name harms the goodwill of Sinclair's GRIPWORKS® trademark by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendant's website.

37. Defendant chose to register, traffic in and use "thegripworks.net" as a domain name with the bad faith intent to profit from the use of Sinclair's GRIPWORKS®.

38. As a result of Defendant's actions, Sinclair is entitled to actual damages, statutory damages, reasonable attorneys' fees and costs and Defendant's forfeiture of all infringing domain names, pursuant to 15 U.S.C. § 1125(d), 15 U.S.C. § 1116 and § 1117 of the Lanham Act.

## COUNT IV
## State Common Law Trademark Infringement and Unfair Competition

39. Sinclair incorporates by reference the allegations set forth in paragraphs 1 through 38 as if fully set forth herein. This Court III states a substantial and related claim.

40. Defendant's acts constitute common law trademark infringement and unfair competition in violation of the common law of several states including the State of Missouri, and have created and, unless restrained by this Court, will continue to create a likelihood of confusion, causing irreparable injury to Sinclair and for which Sinclair has no adequate remedy at law.

41. Defendant acted with full knowledge of Sinclair's use of, and statutory and common law right to, Sinclair's GRIPWORKS® trademark and without regard to the likelihood of confusion of the public created by those activities.

42. Defendant's actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Sinclair's GRIPWORKS® trademark to the great and irreparable injury of Sinclair.

43. As a result of Defendant's acts, Sinclair has been damaged in an amount not as yet determined or ascertainable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sinclair & Rush, Inc. respectfully requests that:

1. Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently from:

a. Manufacturing, distributing, marketing, selling or offering for sale any goods which bear any colorable imitation of Sinclair's GRIPWORKS® mark, alone or in combination with any other words or symbols, including but not limited to the Infringing Product;

b. Using any terms, works or symbols which so resemble the Sinclair GRIPWORKS® mark or any names, marks or designations of Sinclair as to be likely to cause confusion, mistake, deception or misunderstanding in: (i) connection with the manufacture, distribution, advertising, promotion or sale of any product which is not authorized by Sinclair, including but

not limited to the marks used on the Infringing Product; or (ii) any domain name or in any websites.

c. Expressly or by implication, representing that Defendant or its goods are those of or are affiliated with, or authorized, licensed, endorsed or sponsored by Sinclair or its subsidiaries, affiliates or related companies;

d. Selling any goods or services or engaging in any actions which are likely to cause injury to Sinclair's business reputation, including but not limited to the Infringing Product;

e. Making or engaging in any express or implied false descriptions, false designations or false representations with respect to products of Defendant in violation of Section 32 or Section 43(a) of the Lanham Act; and

f. Otherwise infringing upon the Sinclair GRIPWORKS® mark or unfairly competing with Sinclair in any manner whatsoever.

2. Defendants be ordered to recall all products bearing Sinclair's GRIPWORKS® mark, or any other confusingly similar mark, including but not limited to the Infringing Product, which have been shipped by Defendant or under its authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3. Defendant be ordered to deliver up for impoundment and destruction all Infringing Product or other materials in the possession, custody or under the control of Defendant that are found to adopt or infringe any of Sinclair's GRIPWORKS® mark or that otherwise unfairly compete with Sinclair and its products and services;

4. Defendant be ordered to dismantle, take down or cease operation of any website having a URL containing GRIPWORKS or any confusingly similar variant thereof in it;

5. Defendant be compelled to account to Sinclair for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

6. Sinclair be awarded all damages caused by the acts forming the basis of this Complaint;

7. Based on Defendant's knowing and intentional use of confusingly similar and substantially indistinguishable imitations of Sinclair's GRIPWORKS® mark, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

8. Defendant be required to pay to Sinclair the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

9. Based on Defendant's willful and deliberate infringement of Sinclair's GRIPWORKS® mark, and to deter such conduct in the future, Sinclair be awarded punitive damages; and

10. For such other and further relief as the Court may deem just.

Respectfully submitted,

GALLOP, JOHNSON & NEUMAN, L.C.

By:____/s/Don V. Kelly_____________________________

Don V. Kelly, USDC-E.D.Mo. #16769
Jessica J. Hulting, USDC-E.D.Mo. #5206013
101 South Hanley, Suite 1700
St. Louis, Missouri 63105
Telephone (314) 615-6000
Facsimile (314) 615-6001

*Attorneys for Plaintiff, Sinclair & Rush, Inc.*